United States Courts
Southern District of Texas
FILED

September 28, 2020

David J. Bradley, Clerk of Court

In the UNITED STATES DISTRICT COURT
for the SOUTHERN DISTRICT OF TEXAS
– HOUSTON DIVISION –

| | |
|---|---|
| JOHN STEPHEN THORNE §<br>§<br>*Plaintiff* §<br>§<br>vs. §<br>§<br>UNION PACIFIC CORPORATION and §<br>UNION PACIFIC RAILROAD COMPANY §<br>§<br>*Defendants* § | Civil Action_____ |

# PLAINTIFF'S ORIGINAL COMPLAINT

John Stephen Thorne, Plaintiff, brings this declaratory judgment action to establish and valuate Plaintiff's stock ownership in Union Pacific Corporation ("UPC") or Union Pacific Railroad Company ("UPRR"), Defendants, and upon information and belief states as follows:

## Summary

1.     This is a civil action for an accounting and declaratory judgment involving 10 of 20 uncertificated shares of stock recorded on the books of the Texas & Pacific Railway Company (T&P). As far as Plaintiff has been able to ascertain, the shares were last reflected on T&P's books on December 31, 1921 in the name of his great-great grandfather L.S. Thorne. T&P merged into the Missouri Pacific Railroad Company in 1976, which was subsequently merged into UPRR in 1997. UPRR is a wholly-owned subsidiary of UPC. Plaintiff is the current owner of 10 of the uncertificated shares. In an effort to determine the value of the shares and to register the shares in his name, Plaintiff contacted Computer Shares, the entity to whom Plaintiff was referred by UPC as its agent for maintaining the stock records for it and its predecessors (including T&P), and requested all information regarding the status of the uncertificated shares

in the name of L.S. Thorne on the books of T&P on December 31, 1921. Computer Shares advised that it did not have the ability to provide that information. As a result, Plaintiff seeks a judgment establishing: (a) the number, class, and present dollar value of the shares of stock that Plaintiff John Stephen Thorne now owns in UPC and/or UPRR by virtue of the 10 uncertificated shares of T&P stock as reflected on that company's books on December 31,1921 in the name of L.S. Thorne; and (b) the cumulative dollar amounts of the dividends and interest earned on Plaintiff's shares, from the date of their issuance to the present, and owed in cash, to the extent those sums were not reinvested in and reflected in the valuation of the UPC and/or UPRR shares currently held by Plaintiff.

2.     Plaintiff further seeks an injunction or specific-performance order requiring UPC and/or UPRR, as appropriate, to register Plaintiff's shares of stock in his name with the proper authorities and exchange, and to pay Plaintiff the cash amount of dividends and interest accumulated, if owed, in cash.

3.      Plaintiff also seeks recovery of interest and costs as appropriate and allowed by law.

## Parties & Service of Process

4.     Plaintiff John Stephen Thorne lives in Austin, Texas.

5.     Union Pacific Corporation is a Utah corporation with headquarters in Nebraska and may be served with process upon its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900 Dallas, Texas 75201-3136.

6.     Union Pacific Railroad Company is a Delaware corporation. Both Defendants represent UPRR to be an indirect, wholly-owned subsidiary of UPC. UPRR may be served with process upon its registered agent:  CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

### Jurisdiction

7.     Plaintiff is a citizen of Texas, UPC is a citizen of Utah, and UPRR is a citizen of Delaware; so the parties are diverse.  The matter in controversy vastly exceeds the sum or value of $75,000, exclusive of interest and costs, in that the UPC stock in which Plaintiff claims ownership is likely worth $500,000 or considerably more.  Therefore, under 28 U.S.C. sec. 1332, this Court has jurisdiction over the claims asserted in this civil action.

### Venue

8.     Under 28 U.S.C. sec. 1391(b), the Southern District of Texas is a proper venue for this action because UPC and UPRR are each deemed to reside in this judicial district pursuant to 28 sec. 1391(d).  UPC and UPRR are corporations subject to personal jurisdiction in Texas at the time this action is commenced.  Texas has four federal judicial districts, and if the Southern District of Texas were a separate state of the United States, each Defendant's contacts in this district would be sufficient to subject it to personal jurisdiction here.

9.     The Houston Division of the Southern District of Texas is also a convenient venue for the parties and witnesses.    UPC and/or UPRR owns and operates multiple railyards in the Houston metroplex, including the Englewood Railyard, 5500 Wallisville Rd, Houston, TX 77020, and runs trains on rail lines to and from multiple facilities located in Houston, Texas, and is well equipped to litigate this case in this federal court.

### Facts

10.     Plaintiff's great-great grandfather L.S. Thorne was a legendary Texas railroad man.[1]  His

---

[1] The facts regarding L.S. Thorne's life are taken from The Encyclopedia of Texas complied by Ellis A. Davis and Edwin H. Grobe and published by the Texas Development Bureau, Dallas, Texas and Texas Historical and Biographical Record complied, edited and published under the direction of Ernest Emory Bailey, Austin Texas.

career perhaps had no equal in the annals of the railroad world, according to The Encyclopedia of Texas, Volume III, page 859. L.S. Thorne began his career in the railroad industry at eighteen years of age, heading west from New York state in 1854 to help survey the path of the Central Pacific Railroad. He also spent three years as a superintendent for Southern Pacific Railway, laying track from Arizona to Texas. Following a stint as a clerk, conductor and yardmaster for the Kansas City & Pacific Railroad, L.S. Thorne came to Texas in 1874 to join the Texas & Pacific Railway as trainmaster. He quickly rose up the ranks, becoming master of transportation, district superintendent of transportation, and then general superintendent. In 1893, he was made vice president and general manager of the railroad, a position that he held until his retirement in 1911. All told, L.S. Thorne was associated with T&P for forty seven years, during which time the railroad more than doubled its trackage (from 1400 miles) and its capacity.

11.   L.S. Thorne died on February 28, 1917. His residual estate, which would have included his ownership of the uncertificated shares of stock at issue, was devised to his wife, Mary Cunning Thorne, in his Last Will and Testament probated on August 7, 1917 in Dallas County, Texas. The last record of the uncertificated shares on T&P's books that Plaintiff has found is on December 31, 1921. The shares were still registered in L.S. Thorne's name despite having been inherited by Mary Cunning Thorne.

12.   Mary Cunning Thorne died on April 21, 1946, and devised her residual estate, which included the uncertificated shares of the stock at issue, in equal parts to her daughters, Mary L. Thorne and Julia Thorne Knight, by her Last Will and Testament probated in Dallas County, Texas on December 16, 1947.

13.   Julia Thorne (Knight) Marks died on April 26, 1973, and placed her residual estate, including her half of the original 20 uncertificated shares (or her 10 shares) in trust for the

benefit of her only child, Lansing Stephen Thorne, by her Last Will and Testament and Codicils probated in Dallas County, Texas on May 22, 1973. Under the terms of her will, the trust was to terminate upon the death of Lansing Stephen Thorne and the remaining corpus of the trust pass directly to Elizabeth Thorne ( Plaintiff's mother), provided that she was 45 years old at the time.

14. When Julia's sister, Mary L. Thorne, died, she devised her 10 uncertificated shares by her Last Will and Testament probated in Dallas County, Texas on February 10, 1986, to Texas A&M University Development Foundation (to be used by the College of Veterinary Medicine of Texas A & M University College Station, Texas), the Morris Animal Foundation in Denver Colorado, and the Humane Society of the United States, in equal parts. Those entities have been informed of Plaintiff's intent to pursue recovery of his 10 shares, and Plaintiff believes that they have an interest in doing the same.

15. Upon Lansing Stephen Thorne death, and pursuant to the terms of Julia Thorne's will, the trust terminated and the remaining corpus, including the 10 uncertificated shares at issue, passed to Elizabeth Thorne.

16. On June 1, 2020, Elizabeth Thorne executed a gift deed conveying the uncertificated shares to Plaintiff.

17. Despite multiple requests, Defendants have to date failed to provide Plaintiff with the information necessary to determine the current status and value of the 10 uncertificated shares of T&P stock passed to him through his family.

## Causes of Action & Remedies

18. All allegations herein are incorporated by reference.

### *Declaratory Relief*

19. Plaintiff seeks a declaration of the Court, pursuant to the Declaratory Judgment Act, 28

U.S.C. §§ 2201, *et seq.*, establishing:  (a) the number, class, and present dollar value of shares of stock that Plaintiff owns in UPC and/or UPRR, by virtue of the 10 shares of uncertificated stock in T&P and its successors that he received from his mother; (b) the cumulative dollar amounts of the dividends and interest earned on Plaintiff's shares, from the date of their issuance to the present, and owed in cash, to the extent those sums were not reinvested in and reflected in the valuation of the UPC and/or UPRR shares currently held by Plaintiff; and (c) each fact allegation recited herein as true, to the extent necessary to a full and final adjudication.

20.     Pleading further, and as necessary to make the declaratory judgment determination requested above, Plaintiff requests that the Court order Defendants to produce a detailed, itemized accounting showing, upon each transaction, stock split, point in time, and other relevant event, the company of ownership, number of shares, class of shares, and dollar value of shares, that Plaintiff owns in UPC and/or UPRR, by virtue of the 10 uncertificated shares of stock in T&P and its successors, as existing at each relevant point in time from the date of issuance to the present.  Plaintiff further requests that the Court order Defendants to produce a detailed, itemized accounting showing each dividend declared with regard to the uncertificated shares at issue and the successors to those shares, including the dates each dividend was declared and paid, the amount of each dividend, and whether the dividend was paid directly to the owner or reinvested in the company.

*Injunction, Specific Performance*

21.     Pleading further, Plaintiff seeks a final and permanent injunction, or alternatively a specific-performance order, requiring UPC or UPRR, as appropriate, to register Plaintiff's shares of UPC and/or UPRR stock in his name with the U.S. Securities and Exchange Commission, and with any exchange and other authorities as required, in the number, class, and value as

determined and adjudicated in this action, and to pay Plaintiff in cash the amount of dividends and interest owed, to the extent owed in cash and not subsumed within his shares.

## Interest

22. Plaintiff seeks prejudgment interest and post-judgment interest in the maximum amounts allowed by law.

## Prayer

23. WHEREFORE, Plaintiff John Stephen Thorne respectfully prays that, upon appearance of Defendants Union Pacific Corporation and Union Pacific Railroad Company, and upon a thorough accounting and final trial, Plaintiff have judgment of this Honorable United States District Court for all relief, general and special, legal and equitable, that justice may warrant, including the following:

    a. a declaratory judgment establishing: (1) the number, class, and present dollar value of shares of stock that Plaintiff owns in UPC and/or UPRR, by virtue of the 10 shares of stock in T&P and its successors; and (2) the cumulative dollar amounts of the dividends and interest earned on Plaintiff's shares, from the date of their issuance to the present, and owed in cash, to the extent those sums are not reinvested in and included in the valuation of his UPC and/or UPRR shares;

    b. an injunction or specific-performance order requiring UPC or UPRR, as appropriate, to register Plaintiff's shares of UPC or UPRR stock in his name with the U.S. Securities and Exchange Commission, and with any exchange and other authorities as required, in the number, class, and value as determined and adjudicated in this action, and to pay Plaintiff in cash the amount of dividends and interest owed, to the extent owed in cash and not subsumed within his shares; and

      c.      an award of interest and costs as appropriate and allowed by law.

Respectfully submitted,

| | |
|---|---|
| /s/ *Keith A. Pardue* | /s/ *Ryan G. Anderson* |
| Keith A. Pardue | Ryan G. Anderson |
| State Bar No. 15458500 | State Bar No. 00783546 |
| PARDUE & ASSOCIATES, PLLC | Law Offices of Ryan g. Anderson, PLLC |
| 2802 Flintrock Trace, Suite 260 | 10999 IH-10 West, Suite 315 |
| Austin Texas 78738 | San Antonio, Texas 78230 |
| (512) 266-8135 | (210) 920-2400 |
| (512) 371-4145 Facsimile | (210) 855-5050 Facsimile |
| keith@keithparduelaw.com | ryan@rgalawpc.com |

***Attorneys for Plaintiff John Stephen Thorne***